# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEGE MOST, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-cv-4077-JLF |
| vs. ) | |
| ) | CRIMINAL NO. 04-cr-40064 |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. In an open plea, Petitioner pleaded guilty to escape from custody, in violation of 18 U.S.C. §§ 751(a), 4082(1). On April 3, 2006, Petitioner was sentenced to 27 months imprisonment, three years supervised release, a fine of $100, and a special assessment of $100. Petitioner did not appeal; instead, on April 11, 2006, Petitioner filed the instant motion under § 2255.

Relief under Section 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), (*citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*28 U.S.C. § 2255*; *Prewitt*, 83 F.3d at 816. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994). Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims

>on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (*emphasis in original*).  See also *Reed v. Farley*, 512 U.S. 339, 354 (1994).  The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

>(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

In this case, Petitioner raises several challenges to the calculation of his sentence.  These are issues that could and should be raised on direct appeal, yet Petitioner offers no explanation of why he failed to appeal his sentence.  Therefore, these claims cannot be raised in a motion under § 2255.  Accordingly, the motion is **DENIED**, and this action is **DISMISSED**.  All pending motions are now **MOOT**.

**IT IS SO ORDERED.**
**DATED:  August 15, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**
